IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBOUR | : | CIVIL ACTION |
| v. | : | |
| EMKAY, INC. (ILLINOIS), et al. | : | NO. 11-1869 |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO AMEND THE COMPLAINT PURSUANT TO FED. R. CIV. P. 15**

**Baylson, J.**                                                                                                              **August 5, 2011**

Plaintiff Carlos Barbour ("Plaintiff") filed a Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15 (ECF No. 21) in this products liability lawsuit. Specifically, Plaintiff's proposed Second Amended Complaint (Ex. O) will replace the Defendant currently identified as "Emkay, Inc. (Illinois)" with new Defendants "Emkay, Inc. (Illinois) a/t/d/b/a Emkay Inc. Trust" and "Emkay Inc. Trust a/t/d/b/a Emkay, Inc. (Illinois)." The other three Defendants will remain the same.[1] For the following reasons, the Court will grant Plaintiff's Motion.

**I.       Factual and Procedural Background[2]**

On November 5, 2008, Plaintiff, a Philadelphia resident, was a passenger in the rear of a

---

[1] These Defendants are Streit Group of Companies a/t/d/b/a Streit Manufacturing, Inc. a/t/d/b/a Streit USA Armoring, LLC; Streit Manufacturing, Inc. a/t/d/b/a Streit Group of Companies a/t/d/b/a Streit USA Armoring, LLC; and Streit USA Armoring, LLC a/t/d/b/a Streit Group of Companies a/t/d/b/a Streit Manufacturing, Inc. (collectively, the "Streit Defendants").

[2] The Court summarizes the facts alleged in the First Amended Civil Action Complaint (ECF No. 1, Ex. A).

1

commercial armored vehicle, a 2003 Ford E350, VIN# 1FDSE35L53HB83508 ("the 2003 Ford"), leased to Plaintiff's then-employer, Pendum, Inc. d/b/a ATM Acquisition Corp. First Am. Compl. ¶¶ 1, 7, 8. The Streit Defendants designed, constructed, assembled, manufactured, distributed, and/or serviced the 2003 Ford, and Defendant Emkay, Inc. (Illinois) owned, leased, and/or designed the 2003 Ford. First Am. Compl. ¶ 7. While Plaintiff's colleague drove the 2003 Ford in Berwyn, Pennsylvania, the 2003 Ford collided with another motor vehicle. First Am. Compl. ¶ 8. The rear passenger safety restraint system failed, causing Plaintiff to suffer severe and debilitating injuries in the collision. First Am. Compl. ¶¶ 8-9.

Plaintiff filed suit in Philadelphia County Court of Common Pleas, Civil Trial Division, November Term, 2010, No. 00723. The First Amended Complaint, filed on February 14, 2011, alleged one count of negligence against Emkay, Inc. (Illinois) and Streit Group of Companies, and one count of strict liability against all Defendants. The Streit Defendants filed a Notice of Removal to the federal district court on March 16, 2011. (ECF No. 1)

On March 29, 2011, Defendant Emkay, Inc. (Illinois) filed its Answer to the Complaint (ECF No. 5), in which it specifically denied that "Emkay, Inc.,"[3] "a corporation incorporated under the laws of the state of Illinois," designed, assembled, purchased, distributed, manufactured, serviced, maintained, owned, sold, or leased the 2003 Ford. Answer ¶¶ 2, 7, 20. Emkay, Inc. (Illinois) asserted that "Emkay, Inc. Trust, a Delaware business trust," was the owner and lessor of the 2003 Ford. Answer ¶¶ 2, 7, 20.

On July 8, 2011, Plaintiff filed the Motion to Amend currently before the Court. (ECF No. 21) On July 22, 2011, Defendant Emkay, Inc. (Illinois) filed its response brief. (ECF No. 23)

---

[3] Emkay, Inc. (Illinois) referred to itself as "Emkay, Inc." in its Answer and brief.

II.     **The Parties' Contentions**

Plaintiff asserts that at the commencement of the litigation, he sued "the only 'Emkay, Inc.' which was licensed to transact business in the Commonwealth of Pennsylvania, or in the State of Illinois. . . namely, Defendant, Emkay, Inc. (Illinois)." Pl.'s Mot. Amend ¶ 8.[4]  Service of process was made upon the registered agent for Emkay, Inc. (Illinois), the same registered agent for service for Emkay, Inc. Trust. Pl.'s Mot. Amend ¶ 11. Pursuant to Rule 26 disclosures on April 8, 2011, counsel for Emkay, Inc. (Illinois) sent Plaintiff the unrecorded title for the 2003 Ford identifying the owner as "Emkay Inc. Trust" and reflecting that both entities have the address of 805 W. Thorndale Ave., Itasca, Illinois, 60143. Pl.'s Mot. Amend ¶ 17. Emkay, Inc. (Illinois) also disclosed to Plaintiff the "Emkay Inc. Vehicle Lease Agreement Trac Lease (C) (U.S.A.)" ("the Lease") (Ex. E) and the "Emkay, Inc. Fleet Services Agreement (C)" ("the Agreement") (Ex. F). These documents generically refer to "Emkay, Inc."; list the address 805 W. Thorndale Ave., Itasca, Illinois, 60143; and list "Emkay, Inc. as servicing agent for Emkay, Inc. Trust, a Delaware Business Trust" in the signature block. Pl.'s Mot. Amend ¶¶ 18-20.

Plaintiff asserts that the building located at 805 W. Thorndale Ave., Itasca, Illinois, 60143 is "emblazoned with the singular name 'Emkay,'" and submits a supporting photograph (Ex. G). Pl.'s Mot. Amend ¶ 22. Plaintiff also asserts that the company's website, www.emkay.com, refers to itself as "Emkay." Pl.'s Mot. Amend ¶ 23. Furthermore, Emkay, Inc. (Illinois) and Emkay, Inc. Trust share principals, including Gregory Tepas, Andras Vella, and Christopher Tepas. Pl.'s Mot. Amend ¶ 26 (citing Ex. I). Plaintiff avers that it asked counsel for Emkay, Inc.

---

[4] Emkay, Inc. Trust registered with the Pennsylvania Department of State on January 20, 2011. Pl.'s Mot. Amend ¶ 8 (citing Ex. J).

3

(Illinois) to stipulate to correct the caption, "as is typical and customary in litigation of this nature," but "this request was rejected." Pl.'s Mot. Amend ¶ 30.

Emkay, Inc. (Illinois) responds that counsel does not represent and "cannot advocate on behalf of Emkay, Inc. Trust." Def.'s Resp. at 1. However, Emkay, Inc. (Illinois) filed a response brief to address Plaintiff's "inaccurate statements and allegations" and "mischaracterizations of documents," and to refute "Plaintiff's argument that Emkay, Inc. Trust could not be identified. . . prior to initiation of this litigation." Def.'s Resp. at 1-2. For example, Emkay, Inc. (Illinois) contends that Plaintiff could have determined earlier that Emkay Inc., Trust was the registered title owner of the 2003 Ford from the Lease and Agreement, from the police report for the accident, or from a vehicle registration search by the Pennsylvania Department of Motor Vehicles. Def.'s Resp. ¶¶ 3, 5, 30.

### III.   Legal Standard

#### A.   Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), the district court should freely give leave to amend a complaint when justice so requires. "Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading" in order to "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). The United States Supreme Court has explained that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S.

178, 182 (1962). See also Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citing Adams v. Gould, 739 F.2d 858, 864 (3d Cir. 1984)) ("The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party.").

    **B.**    **Relation Back**

An amendment to change the name of a party in the complaint relates back to the date the original complaint was filed "if Rule 15(c)(1)(B) is satisfied"–i.e., it arises out of the same "conduct, transaction, or occurrence" set forth in the original pleading –and if "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Supreme Court recently held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2490 (2010).

**IV.**    **Discussion**

    **A.**    **Leave to Amend**

This case lacks any circumstances that would warrant a denial of Plaintiff's motion to amend to replace Defendant Emkay, Inc. (Illinois) with "Emkay, Inc. (Illinois) a/t/d/b/a Emkay Inc. Trust" and "Emkay Inc. Trust a/t/d/b/a Emkay, Inc. (Illinois)." "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will

become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (reversing the district court's denial of plaintiffs' motion for leave to file a second amended complaint, four years after filing the initial complaint, where there was "no extrinsic evidence of bad faith," and plaintiffs had a "colorable excuse" for not filing the amendment earlier); see also Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006) (holding the district court erred in denying plaintiff leave to amend where the plaintiff filed the proposed amendment eleven months after the original complaint complaint). Cf. Johnson v. Trueblood, 629 F.2d 287, 295 (3d Cir. 1980) (holding the district court did not abuse its discretion by denying plaintiffs' motion for leave to amend the complaint where the "trial of the case had been protracted," "the amendment was based primarily on a deposition. . . taken quite some time prior to trial," and the amendment "arguably would have prejudiced the defendants due to the fact that the events upon which the claims were made were rather stale by the time of the proposed amendment"). The court should not prevent a party from amending a pleading simply because it was "less than perfect in the preparation and presentation of a case." Arthur, 434 F.3d at 206.

      Here, Plaintiff filed the case in November 2010, and filed the First Amended Complaint on February 14, 2011. Defendant Emkay, Inc. (Illinois)'s Answer, filed on March 29, 2011, and its initial disclosures, filed on April 8, 2011, identified Emkay Inc., Trust as the owner and lessor of the 2003 Ford. These filings gave rise to Plaintiff's motion to amend, which Plaintiff filed three months later, on July 8, 2011. The case is still in the early stages of discovery, and amending puts no additional burden on the court or the parties. Plaintiff has not shown any motive other than an interest in correcting his mistake as to which "Emkay" entity is the proper defendant. Given that Emkay Inc., Trust shares an address, a registered service agent, and

principals with Emkay, Inc. (Illinois), Emkay Inc., Trust was on notice of the suit and will not be prejudiced.  Pursuant to the liberal standard for granting amendments to the pleadings under Rule 15(a), the Court will freely grant Plaintiff leave to amend to correct the identity of the "Emkay" defendant.

      B.     **Relation Back**

Relation back of Plaintiff's proposed amendment is governed by a recent Supreme Court decision, Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485 (2010).  Krupski involved a negligence suit based on the plaintiff's slip and fall on a cruise ship.  Id. at 2490.  Krupski's passenger ticket identified three possible corporate entities: "Costa Crociere S. p. A., an Italian corporation," the cruise ship carrier; "Costa Cruise Lines," which had a Florida address; and "Costa Cruises," whose quality certification the ticket touted.  Id. at 2490.  Krupski sued "Costa Cruise," the alleged owner, operator, manager, supervisor, and controller of the cruise ship.  Id.  In Costa Cruise's answer, corporate disclosure statement, and summary judgment motion, it identified "Costa Crociere" as the actual carrier and operator of the ship and the proper defendant in Krupski's lawsuit.  Id. at 2491.  Following denial of Costa Cruise's motion for summary judgment, the district court granted Krupski leave to amend to name Costa Crociere as a defendant.  Id.

Costa Crociere, represented by the same counsel as Costa Cruise, moved to dismiss the amended complaint, contending that the claims were untimely and did not relate back under Rule 15(c)(1)(C).  Id.  The district court concluded that the proposed amendment "clearly involved the same occurrence as the original claim," and the new defendant "had constructive notice of the action and had not shown that any unfair prejudice would result from relation back," but

7

Krupski's knowledge that Costa Crociere was the carrier, based on the ticket, implied that Krupski made no "mistake concerning the proper party's identity" as required by Rule 15(c)(1)(C)(ii). Id. The Eleventh Circuit affirmed, finding that "Krupski either knew or should have known of Costa Crociere's identity as a potential party," because her "ticket clearly identified Costa Crociere as the carrier," or "[a]lternatively, even assuming that she first learned of Costa Crociere's identity as the correct party from Costa Cruise's answer, . . . Krupski waited 133 days from the time she filed her original complaint to seek leave to amend and did not file an amended complaint for another month after that." Id. at 2492.

      The Supreme Court reversed, explaining the appropriate "question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." Id. at 2493. The Court discussed that "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." Id. at 2494. In those circumstances, the Plaintiff's "deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." Id. The Court also found it "worth noting that Costa Cruise and Costa Crociere are related corporate entities with very similar names; . . . [t]his interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities." Id. at 2498. Therefore, the amended complaint related back to the filing of the original complaint. Id.

In this case, as in <u>Krupski</u>, Emkay, Inc. (Illinois) and Emkay, Inc. Trust are also corporate entities with very similar names that are easily confused. The Lease and the Agreement identify the lessor of the 2003 Ford as "Emkay, Inc., as servicing agent for Emkay, Inc. Trust, a Delaware Business Trust." The parties' common address, common principals, and common name, and the inclusion of both "Emkay Inc." and "Emkay, Inc. Trust" in the signature block of the Lease and the Agreement, created a situation ripe for Plaintiff's error. As in <u>Krupski</u>, it is irrelevant whether Plaintiff knew or should have known at an earlier stage that Emkay, Inc. Trust was the proper defendant. The only issue is whether Emkay, Inc. Trust knew or should have known that it was the proper defendant in Plaintiff's lawsuit, but for Plaintiff's mistake.

Given the relationship between Emkay, Inc. (Illinois) and Emkay, Inc. Trust, and the fact that Emkay, Inc. (Illinois) identified Emkay, Inc. Trust as the proper party, the Court finds that Emkay, Inc. Trust should have known it would have been named a defendant but for Plaintiff's error. The fact that counsel for Emkay, Inc. (Illinois) does not represent Emkay, Inc. Trust is not determinative. Accordingly, the Court finds that the proposed Second Amended Complaint satisfies Rule 15(c)(1)(C) and relates back to the date of filing of the First Amended Complaint.

**V.     Conclusion**

For the above reasons, the Court will grant Plaintiff's Motion for Leave to Amend Pursuant to Fed. R. Civ. P. 15. To hold otherwise would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." <u>Foman</u>, 371 U.S. at 181.

An appropriate Order follows.

O:\CIVIL 11-12\11-1869 Barbour v. Emkay\Barbour - Mot to Amend.wpd